## State *vs.* William F. Hartnett.

*Criminal Law—Indictment—Attempting to Obtain Money under·*
*    False    Pretenses—False    Pretense—Levy    Court—County*
*        Treasurer—False Bill; Presentation of—Knowledge*
*            of  Defendant—Intent—Agency—Evidence—*
*                What   State   must   Prove—Statute—*
*                            Pleading.*

1.   In order to find the defendant guilty under an indictment for attempting to obtain money under false pretenses from the County Treasurer, the alleged false pretense being the presentation of a false bill to the Levy Court, the jury must be satisfied, (1) that the defendant knowingly made a false pretense; that is, that he presented, or authorized to be presented to the Levy Court a false bill, he knowing at the time that such bill was false; (2) that the bill was presented by the defendant, or by his direction, with intent·to cheat and defraud the County Treasurer.

2.   If the bill when presented to the Levy Court was false, known to the defendant to be so, and was intended by him to deceive and defraud the County Treasurer, an offer by the defendant to change or correct the bill after it was presented would be immaterial.

3.   The intent is the important and·material element of the case. It is not a presumption of law but a material fact, and must be proved by the State to the satisfaction of the jury.

4.   The County Treasurer is a person who may be cheated and defrauded, under the provisions of *Chapter* 418, *Vol.* 11, *Laws of Delaware.*

5.   It is not necessary, in order to sustain the indictment, for the State to show that all the items or any particular item in the bill presented was false, because satisfactory evidence of the falsity of any one of the separate items set forth  in the indictment would be sufficient.

6.   It is not sufficient that the defendant"*should* have known that the bill presented to the Levy Court was false, because the deceitful means necessary to sustain a conviction involved knowledge of the falsity of the representation by the defendant, and no conviction can .be had without proof of the *scientre.*   Deceit is the foundation of the action, which cannot exist without knowledge of the falsity of the representation.   The representation made must not only be false in fact but false to the knowledge of the defendant.

7.   If the bill presented was a false one, and the person or persons who prepared and presented it to the Levy Court were authorized by the defendant to prepare and present such bill, and the defendant knew that the bill was false at the time it was presented, that would constitute a false pretense on the part of the defendant; and if the defendant intended by means of such bill to deceive and defraud the County Treasurer, he would be guilty.

(*February* 26, 1909.)

LORE, C. J., and PENNEWILL, J., sitting.

*Andrew C. Gray*, Attorney-General, *W. Watson Harrington*, Deputy Attorney-General, and *J. Hall Anderson, Esq.*, for the State.

*Thomas C. Frame, Jr., Richard R. Kenney* and *Walter H. Hayes* for the defendant.

Court of General Sessions, Kent County, February Term, 1909.

INDICTMENT FOR ATTEMPTING TO OBTAIN MONEY BY FALSE PRETENSES (No. 31, February Term, 1909).

PENNEWILL, J., charging the jury:

Gentlemen of the jury:—The defendant, William F. Hartnett, is charged in this indictment with attempting, on the second day of June, 1908, by false pretenses to obtain from John T. Buckson, County Treasurer of this County, the sum of $2,108.67, for the board of prisoners, alleged by the defendant in a certain bill presented to the Levy Court, to be due to him as Sheriff, for the months of March, April and May of the year 1908. It is averred in the indictment that the defendant, "designing and intending to cheat and defraud a certain John T. Buckson, the said John T. Buckson then and there being the County Treasurer of the County of Kent, aforesaid, of certain money, goods, chattels and property, unlawfully, knowingly, and designedly, did then and there falsely pretend to the Levy Court Commissioners for the County of Kent, aforesaid, that he, the said William F. Hartnett, had, in his official capacity as Sheriff of the said County of Kent, and as the keeper of the said County jail for said County, furnished and provided board and lodging for vagrants and prisoners being confined and kept in said County jail, during the period beginning on the first day of March, 1908 and ending on the thirty-first day of May, 1908, to the value, extent and amount of the sum of Twenty-one Hundred and Eight Dollars

and Sixty-seven cents, (meaning the sum of Twenty-one Hundred and Eight Dollars and Sixty-seven cents in the lawful money of the United States of America), the which said false pretense was embodied in a certain false and pretended bill; whereas, in truth and in fact, the said William F. Hartnett, in his capacity as Sheriff as aforesaid, or in any other capacity, had not then and there provided and furnished board and lodging for such vagrants and such prisoners to the extent, value and amount aforesaid, and as so falsely pretended as aforesaid," etc.

The defendant denies that he is guilty of the offense charged, claiming (1) that the bill for the board of prisoners presented to the Levy Court was not a false and fraudulent bill; (2) that if the said bill was false he the defendant, had no knowledge of its falsity; and (3) that said bill was not presented by him, or by his direction, with intent to cheat and defraud the Treasurer of this county.

We have been requested by the defendant to direct you to find a verdict of "not gulity." This we decline to do, because we think the case should be submitted to the jury and the guilt or innocence of the defendant determined by them under the evidence presented in the case, and the law as the Court shall state it.

The important and crucial questions for you to consider and determine are, (1) whether the defendant, at the time the alleged false bill was presented to the Levy Court, knew that it was a false one, and (2) whether it was presented by him, or by his direction, with the intent to deceive and defraud the Treasurer of Kent County.

Such is the charge contained in the indictment in this case, and you are not to inquire whether the defendant was guilty of some other misconduct, or some other offense, for which he is not on trial, but whether he is guilty of the specific offense charged in this case.

A false pretense has been defined to be "such a fraudulent representation of a fact, past or existing, by a person who knew it to be untrue, as is adapted to induce the person to whom it is made to part with something of value."

In order to find the defendant guilty under this indictment,

you must be satisfied from the evidence beyond a reasonable doubt, (1) that the defendant knowingly made a false pretense; that is, that he presented, or authorized to be presented to the Levy Court of this county on the second day of June of last year, a false bill, he himself actually knowing at the time that such bill was false. (2) You must be also satisfied beyond a reasonable doubt that the bill was presented by the defendant, or by his directions, with intent to cheat and defraud John T. Buckson, Treasurer of this county.

If you believe that the bill when presented to the Levy Court was false and fraudulent, known to the defendant to be so, and was intended by the defendant to deceive and defraud the said Treasurer, an offer by the defendant to change or correct the bill after it was presented, would be immaterial.

The gist of the charge in this case is the intent to deceive the Treasurer of Kent County, by means of the alleged false bill presented to the Levy Court on June 2, 1908. The intent, therefore, is the important and material element of the case. It is not a presumption of law, but the material fact, and must be proved by the State to your satisfaction.

But it is not essential that such intent should be proved by direct testimony. It may be proved by circumstantial testimony, and the jury may therefore consider any statements and acts of the defendant, and any other facts and circumstances disclosed by the evidence, which in their judgment show the existence of such intent.

We have been requested by the defendant to charge you that John T. Buckson, Treasurer of Kent County, is not such a person, who may be cheated and defrauded, under the provisions of *Chapter* 418, *Volume* 11, *Laws of Delaware*. We cannot so charge you because this Court, in the case of *State vs. Lynn*, 3 *Pennewill* 316, held that a County Treasurer was such a person.

While it is necessary for the State to prove that the defendant attempted by false pretense to cheat and defraud the County Treasurer, it is not necessary in order to sustain the indictment, that it should have shown that all the items or any particular item in the bill presented was false and fraudulent, because satisfactory

evidence of the falsity or fraudulent character of any one of the separate items set forth in the indictment would be sufficient.

We have been asked to instruct you with respect to evidence of good character; and we will say that the good character of an accused person, when proved, is to be taken in connection with all the other evidence in the case, and is to be given just such weight under all the facts and circumstances of the case as in the judgment of the jury it is entitled to.

We cannot charge you as requested by the State, that if the defendant knew or should have known that the bill presented to the Levy Court was false and fraudulent, and was prepared for such purpose under his direction by his servants or agents, such circumstances are sufficient to support a guilty knowledge of the defendant. We think this prayer contains an erroneous proposition of law.

We cannot do better perhaps, in this connection, than to quote from an opinion delivered by the Court in the case of *Waterman vs. State*, 114 *Ga.*, 262.

The Court in that case said:

"In effect the jury were instructed that if the accused made the representations charged, and that if they were false, and the defects in the horse were latent, and the prosecutor relying on them, paid his money for the horse, and the seller should have known of such defects, he was guilty. The accused could not, under such circumstances, have been convicted unless at the time he made the representations he knew them to be false. Since the deceitful means, necessary to sustain a conviction in a case of this character, involve knowledge of the falsity of the representation, by the seller, no action or proceeding can be maintained without proof of the *scienter*: deceit is the foundation of the action, which cannot exist without knowledge of the falsity of the representation upon which the other party acted. Mr. Wharton is amply supported by authority when, in his *Criminal Law*, in discussing this subject, he says: (*Volume* 2, *Section* 1185) 'The statement must not only be false in fact, but false to the knowledge of its utterer.''

So we say to you in this case that the bill presented to the

Levy Court must not only have been false in fact, but false to the knowledge of the defendant. Otherwise there can be no conviction.

But we do charge you that in determining whether the defendant did make a false pretense, that is, knew the bill presented to the Levy Court was false, you may consider any declarations or acts of the defendant, or of his agents or representatives, provided such agents or representatives were authorized by the defendant to make such declarations or perform such acts. That is to say, if you believe that the said bill was a false one, and that the person or persons who prepared and presented it to the Levy Court were authorized by the defendant to prepare and present such a false bill to the Levy Court, and the defendant knew that the bill was false at the time it was presented, that would constitute a false pretense on the part of the defendant; and if you further believe that the defendant intended by means of such false bill to deceive and defraud the Treasurer of Kent County, your verdict should be guilty.

But if you are not satisfied from the evidence in this case beyond a reasonable doubt, that the defendant actually knew that the bill presented to the Levy Court of this county, on June 2, 1908, was false, and also that it was his intent by means of such bill to cheat, deceive and defraud the County Treasurer of Kent County, your verdict should be not guilty.

It is necessary for the State to prove every material element of the charge against the defendant to your satisfaction beyond a reasonable doubt, because every defendant in a criminal case is presumed to be innocent until his guilt is clearly established. But by reasonable doubt is not meant, of course, a vague, fanciful or mere possible doubt, but a doubt growing out of the evidence, and such as reasonable, impartial and conscientious men would entertain after a careful and conscientious consideration of all the evidence before them.

You have patiently listened to the evidence in this case as well as the argument of counsel and the charge of the Court. Your verdict should be based upon the evidence, applying thereto

the law as we have declared it. It is hardly necessary for us to remind you that no prejudice, no public clamor, or public sentiment, if any such there be, should be permitted to enter into your deliberations.

Neither should sympathy, favor or partiality.

Verdict, guilty.